118

[923 NYS2d 685]

In the Matter of BRUCE S. FRANK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 24, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 28, 2010, the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), upon a finding that he constitutes an immediate threat to the public interest based upon his failure to cooperate with the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee), substantial admissions under oath, and other uncontroverted evidence of professional misconduct. In that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated June 7, 2010; the respondent was directed to submit an answer to the verified petition within 20 days after service upon him of a copy of the decision and order on motion; and the issues raised by the verified petition and any answer thereto were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. The verified petition contains five charges of professional misconduct, including conduct prejudicial to the administration of justice as a result of failing to comply with court directives and the lawful requests of the Grievance Committee; conduct adversely reflecting on the respondent's fitness to practice law as a result of failing to account for funds received from clients; and conduct involving dishonesty, fraud, deceit, or misrepresentation, which reflects adversely on the respondent's fitness to practice law, as a result of, in essence, using his law license to induce individuals/entities to make loans to him as well as to collateralize said loans.

On November 5, 2010, the respondent was personally served with a copy of this Court's decision and order on motion dated October 28, 2010. Inasmuch as the respondent was directed therein to answer the verified petition within 20 days, his answer should have been served and filed no later than November 25, 2010. The respondent has not served or filed an answer to date, or requested an extension of time within which to do so.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and,

effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Bruce S. Frank, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Bruce S. Frank, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Bruce S. Frank, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Bruce S. Frank, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).